IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JODI RILEY and ARLENE CZOP,<br>Individually and as Class Representatives,<br><br>Plaintiffs.<br><br>vs.<br><br>HOBOKEN WOOD FLOORING LLC;<br>HWF HOLDINGS LLC;<br>SPI FLOORS LLC;<br>GARDEN STATE SUPPLIES LLC;<br>WFA, LLC; and<br>CODE HENNESSY & SIMMONS LLC<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br><br><br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

Jodi Riley and Arlene Czop, individually and as class representatives ("Plaintiffs") and all other persons similarly situated[1], as and for their complaint allege as follows:

## INTRODUCTION

1.      The Plaintiffs, including all other persons similarly situated as members of the class they seek to represent, were employees of either Defendants Hoboken Wood Flooring LLC, HWF Holdings LLC, SPI Floors LLC, Garden State Supplies LLC and/or WFA, LLC, who were terminated without cause as part of, or as a result of, plant shutdowns and/or mass layoffs by

_____

[1] The undersigned counsel has presently been directly retained by 55 former employees of Hoboken Wood Flooring, LLC and its related entities. These names can be provided at the court's request.

DEL1 67325-2

Hoboken Wood Flooring LLC, HWF Holdings LLC, SPI Floors LLC, Garden State Supplies LLC, WFA, LLC and - - joint employer - - Code, Hennessy & Simmons LLC, which took place concurrently with the shutdown of several of the Defendants' facilities in New Jersey, New York, Massachusetts and Maryland.   The Defendants violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C.  §§ 2101 *et seq.* (the "WARN Act") by failing to give the Plaintiffs and other persons similarly situated, who are members of the Class the Plaintiffs seek to represent, at least 60 days prior notice of termination of their employment as required by the WARN Act.  As a consequence, the Plaintiffs, and other members of the class they seek to represent, are entitled to recover from the Defendants, under the WARN Act, their wages and other employee benefits for 60 working days following the termination of their employment, which wages and benefits have not been paid.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1331, and 29 U.S.C. 2101 et seq., the Worker Adjustment Retraining and Notification Act.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

4.     The Plaintiffs, and other persons similarly situated as members of the proposed class they seek to represent, had been employed by one of the Defendants until their termination on various dates in later October or thereafter.

5.     The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Act, 29 U.S.C. § 2104(a)(5) and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all other persons similarly situated.

-2-

DEL1 67325-2

6.     Hoboken Wood Flooring LLC ("Hoboken Wood Flooring") is a Delaware Corporation and a joint employer as defined by the WARN Act.

7.     HWF Holdings LLC is a Delaware Corporation and a joint employer as defined by the WARN Act.

8.     SPI Floors LLC is a Delaware Corporation and a joint employer as defined by the WARN Act.

9.     Garden State Supplies LLC is a Delaware Corporation and a joint employer as defined by the WARN Act.

10.    WFA, LLC is a Delaware Corporation and a joint employer as defined by the WARN Act.

11.    Code, Hennessy & Simmons LLC ("Code Hennessy") is an Illinois Corporation and a joint employer as defined by the WARN Act.

## FACTUAL ALLEGATIONS

12.    Defendants employed in excess of 500 employees at various locations.

13.    Defendants regularly conducted business throughout the United States including New Jersey.

14.    Upon information and belief, in May 2005, Defendant Code Hennessy obtained an 80% stake in Hoboken Wood Flooring and its related entities.

15.    Upon information and belief, throughout the period of its ownership, Code Hennessy provided significant input and oversight into the day to day operations of Hoboken Wood Flooring and its related entities.

DEL1 67325-2

16.     Upon information and belief, Code Hennessy installed AEG Partners - a restructuring firm - as day to day overseers of Hoboken Wood Flooring's operations.

17.     Upon information and belief, in or about June 2007, Code Hennessy instructed Hoboken Wood Flooring to offer retention bonuses to senior level executives who agreed to remain employed with Hoboken Wood Flooring through October 2007.

18.     Upon information and belief, in the Spring of 2007, Code Hennessy engaged in discussions with Belknap, LLC regarding the potential sale of Hoboken Wood Flooring and its affiliated entities.

19.     Upon information and belief, as part of the agreement between Belknap and Code Hennessy/Hoboken Wood Flooring regarding the sale negotiations, Belknap agreed not to hire any Hoboken Wood Flooring employees until after November 1, 2007.

20.     Defendants recognized that it was likely they would be required to shut down on or about November 1, 2007.

21.     Defendants willfully, negligently or recklessly failed to give adequate notice of the potential shutdown/layoffs as required by the WARN Act.

## CLASS ALLEGATIONS

22.     The Plaintiffs, on behalf of themselves and the members of the Class, repeat and re-allege the allegations of the preceding paragraphs as though fully restated herein.

DEL1 67325-2

## A.    DEFINITION OF THE CLASS

23.    The Plaintiffs and the other similarly situated former employees constitute a class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

24.    The Class is defined as all of those individuals employed by one of the Defendants in facilities with greater than 50 employees, and who became "affected employees" because they suffered "employment losses" as a direct and proximate result of the plant closing and/or mass layoffs in October, 2007 or thereafter, and to whom the Defendants failed to provide notice in compliance with the WARN Act.

## B.    NUMEROSITY

25.    The Class is so numerous as to render joinder of all members impracticable as there are currently over 55 persons known to be in the Class and we believe there are several hundred other persons who are included in the Class.  The identities of a majority of the Class members are unknown but are ascertainable through appropriate discovery.

## C.    EXISTENCE AND PREDOMINANCE OF COMMON ISSUES

26.    Common questions of law and fact are applicable to all members of the Class.

27.    The common questions of law and fact arise from and concern the following facts and actions:

a.    all Class members enjoyed the protection of the WARN Act;

b.    all Class members were employees of one of the Defendants;

c.    the Defendants terminated the employment of all the members of the Class;

d.    the Defendants terminated the employment of the members of the Class

-5-

DEL1 67325-2

without giving them at least 60 days' prior written notice as required by the WARN Act; and

e.      the Defendants failed to pay wages to the Class members and failed to provide other employee benefits for the 60 working day period following the respective terminations of their employment.

28.     The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## D.     TYPICALITY

29.     The Plaintiffs' claims are typical of the claims of other members of the Class.  All such claims arise out of the Defendants' failure to provide notice under the WARN Act and its failure to timely disclose to employees that they would be laid off as a result of the plant closing and/or mass layoffs.  Plaintiffs and other Class members have suffered a common injury arising out of the Defendants' common course of conduct as alleged herein.

## E.     ADEQUATE REPRESENTATION

30.     The Plaintiffs will fairly and adequately protect and represent the interests of the Class and have no interest antagonistic to or in conflict with those of other Class members.

31.     The Plaintiffs have the time and resources to prosecute this action and have retained qualified counsel who have had extensive experience in matters involving employee rights, the WARN Act, and federal court litigation.  The Plaintiffs intend to prosecute this action vigorously for the benefit of the class.

## F.     SUPERIORITY

DEL1 67325-2

32.     A class action is superior to other available methods for a fair and efficient adjudication of this controversy because individual joinder of all members of the Class is impractical.  Furthermore, damages suffered by members of the Class may be relatively small when compared to the expense and burden of individual litigation, which would make it difficult or impossible for individual members of the Class to obtain relief.  The interests of judicial economy favor adjudicating the claims of the Class on a classwide basis rather than an individual basis.

## G.     RISKS OF INCONSISTENT OR VARYING ADJUDICATION

33.     Class treatment is proper in this proceeding in order to avoid inconsistent or varying adjudications with respect to individual Class members.   Separate actions by individual members of the Class would create a risk that adjudication of disputed issues of law or fact as to some of the former employees would be binding upon other Class members not party to the adjudication, or would otherwise substantially impair or impede their ability to protect their interests.

34.     Pursuant to Fed. R. Civ. P. 23(a), the Class meets all the requirements for class certification.

35.     Class certification is also authorized by the WARN Act, 29 U.S.C. § 2104 (a)(5).

## FIRST CLAIM

### (Claim of the Named Plaintiffs)

36.     The Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

-7-

DEL1 67325-2

37.     At all relevant times, Defendants had more than 100 full-time employees within the United States.

38.     At all relevant times, Defendants employed more than 100 employees who, in the aggregate, worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

39.     At all times relevant, Defendants were "employers" as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639.3(a).

40.     On or about October 25, 2007 and thereafter, Defendants effected one or more "plant closings" or "mass layoffs," as those terms are defined by 29 U.S.C. § 2101(a)(2) and (3).

41.     The complete shutdown of the offices as "facilities or operating units" constitutes a "plant closing" within the meaning of 29 U.S.C. § 2101(a)(2), making all persons "affected employees" as a direct and proximate result of the failure to give notice as required under the WARN Act.

42.     Alternatively, layoffs resulted in an employment loss of:  more than 1/3 of the Defendants' employees, at pertinent "single sites of employment," and as such constituted "mass layoffs" within the meaning of 29 U.S.C. § 2101(a)(3) in that at least 33% of the total employees (excluding any part-time employees) and at least 50 employees (again excluding any part-time employees) experienced an "employment loss" at single sites of employment; or at least 500 employees (company-wide).

43.     The named Plaintiffs were employees of Defendants.

44.     The named Plaintiffs were discharged on or about October 25, 2007 without cause on their part as part of a plant closing and/or mass layoffs.

DEL1 67325-2

45.     The plant closings and/or mass layoffs resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(6), at one or more single sites of employment.   The Defendants failed to give written notice of the plant closing and/or mass layoffs to the "affected employees" as required by the WARN Act, 29 U.S.C. § 2102, prior to the actual date of the closings and/or layoffs.

46.     The WARN Act required that Defendants give each of the named Plaintiffs at least 60 days prior written notice of the termination of their employment.

47.     Prior to the termination of their employment, the named Plaintiffs did not receive written notice from Defendants that complied with the requirements of the WARN Act.

48.     Defendants failed to pay the named Plaintiffs their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following the respective terminations of their employment.

49.     Defendants also failed to make pension and 401(k) contributions as required, and failed to provide health insurance coverage and other employee benefits under ERISA to the named Plaintiffs for 60 calendar days from and after the dates of the respective terminations of their employment.

50.     Defendants' failure to provide Plaintiffs with at least sixty (60) days prior written notice of the termination of their employment was a violation of federal law, the WARN Act. The WARN Act specifically provides employers that violate the WARN Act are liable for "back pay" for each day of violation.  11 U.S.C. § 2104(a)(i)(A).

51.     Because of Defendants' failure under the WARN Act, Plaintiffs are entitled to payment for their respective wages, salary, commissions, bonuses, accrued holiday pay and

DEL1 67325-2

accrued vacation for "the period for the violation, up to a maximum of sixty (60) days." 11 U.S.C. § 2104(a)(1).

52.     As a result of Defendants' violation of the WARN Act, the named Plaintiffs have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension contributions and 401(K) contributions for 60 working days; (b) the health and medical insurance and other fringe benefits under the Employee Retirement Income Security Act ("ERISA") that they would have received or had the benefit of receiving, for a period of 60 working days after the date of their termination; and (c) the medical expenses incurred during such period by them that would have been covered and paid under the Defendants' employee benefit plans had that coverage continued for that period.

## SECOND CLAIM

### (Claim of Other Similarly Situated Employees)

53.     The Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

54.     At or about the time that the named Plaintiffs were discharged or shortly thereafter, Defendants also discharged hundreds of other employees who are not the named Plaintiffs ("Other Similarly Situated Former Employees") and who worked for one of the Defendants.

55.     Pursuant to 29 U.S.C. § 2104(a)(5), the named Plaintiffs assert the claims raised in this proceeding on behalf of each of the Other Similarly Situated Former Employees for them or their benefit.

-10-

DEL1 67325-2

56.     Each of the Other Similarly Situated Former Employees is similarly situated to the named Plaintiffs in respect to their rights under the WARN Act.

57.     At all relevant times, Defendants employed more than 100 employees who, in the aggregate, worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

58.     At all times relevant, each Defendant was an "employer" as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639.3(a).

59.     In or about October 25, 2007 and thereafter, Defendants effected one or more "plant closing" or "mass layoffs," as those terms are defined by 29 U.S.C. § 2101(a)(2) and (3).

60.     The complete shutdown of the offices as "facilities or operating units" constitutes a "plant closing" within the meaning of 29 U.S.C. § 2101(a)(2), making all persons "affected employees" as a direct and proximate result of the failure to give notice as required under the WARN Act.

61.     Alternatively, the layoffs by Defendants resulted in an employment loss of more than 1/3 of the Defendants' employees, at pertinent "single sites of employment," and as such constituted a "mass layoff" (or layoffs) within the meaning of 29 U.S.C. § 2101(a)(3) in that at least 33% of the total employees (excluding any part-time employees) and at least 50 employees (again excluding any part-time employees) experienced an "employment loss" at single sites of employment; or at least 500 employees (company-wide).

62.     Defendants discharged each of the Other Similarly Situated Former Employees on or after October 25, 2007 without cause on his or her part as part of a plant closing and/or mass layoffs.

DEL1 67325-2

63.     The plant closings and/or mass layoffs resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(6), at one or more single sites of employment.  The Defendants failed to give written notice of the plant closings and/or mass layoffs to the "affected employees" as required by the WARN Act, 29 U.S.C. § 2102, prior to the actual date of the closings and/or mass layoffs.

64.     Defendants are required by the WARN Act to give each of the Other Similarly Situated Former Employees at least 60 days prior written notice of the termination of their employment.

65.     Prior to the termination of their employment, the Other Similarly Situated Former Employees did not receive written notice from Defendants that complied with the requirements of the WARN Act.

66.     Defendants failed to pay the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following the respective terminations of their employment.

67.     Defendants also failed to make the pension and 401(k) contributions and to provide health insurance coverage and other employee benefits under ERISA to the Other Similarly Situated Former Employees for 60 days from and after the dates of the respective terminations of their employment.

68.     Defendants' failure to provide Plaintiffs with at least sixty (60) days prior written notice of the termination of their employment was a violation of federal law, the WARN Act. The WARN Act specifically provides employers that violate the WARN Act are liable for "back pay" for each day of violation.  11 U.S.C. § 2104(a)(i)(A).

-12-

69.     Because of Defendants' failure under the WARN Act, Plaintiffs are entitled to payment for their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for "the period for the violation, up to a maximum of sixty (60) days." 11 U.S.C. § 2104(a)(1).

70.     As a result of Defendants' violation of the WARN Act, the Other Similarly Situated Former Employees, have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension contributions and 401 (k) contributions for 60 working days; (b) the health and medical insurance and other fringe benefits under the Employee Retirement Income Security Act ("ERISA") that they would have received or had the benefit of receiving, for a period of 60 working days after the dates of the respective terminations of their employment; and (c) the medical expenses incurred during such period by such persons that would have been covered and paid under the Defendants' employee benefit plans had that coverage continued for that period.

WHEREFORE, Plaintiffs' request the following relief:

A.     Damages in favor of the Plaintiffs and each Other Similarly Situated Former Employee, equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay and pension and 401(k) contributions for 60 working days; (b) the benefit of health and medical insurance and other fringe benefits under ERISA for 60 working days; and (c) any medical or other expenses incurred during the 60 working days since the respective terminations of their employment that would have been covered and paid under the Defendants' employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 28 U.S.C. § 2104 (a)(1)(A);

-13-

DEL1 67325-2

B.    Certification that the Plaintiffs and the Other Similarly Situated Former Employees constitute a single class and that Charles A. Ercole and the law firm of Klehr, Harrison, Harvey, Branzburg & Ellers, LLP be appointed as lead Class Counsel;

C.    Interest as allowed by law on the amounts owed under the preceding paragraphs;

D.    Reasonable attorneys' fees and the costs and disbursements incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. 2104 (a)(6); and

E.    Such other and further relief as this Court may deem just and proper.

Dated:  November 27, 2007

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS, LLP

Charles A. Ercole, Esquire
Lynn A. Collins, Esquire
457 Haddonfield Road, Suite 510
Cherry Hill, New Jersey 08002-2220
(856) 486-7900

*Counsel for the WARN Act claimants*

-14-

DEL1 67325-2

## CERTIFICATE OF SERVICE

I, Charles A. Ercole, Esquire, hereby certify that I caused a true and correct copy of the

foregoing Class Action Complaint to be delivered to the following via First Class Mail:

Hoboken Wood Flooring LLC
Corporate Headquarters
70 Demarest Drive
Wayne, NJ 07470

HWF Holdings LLC
70 Demarest Drive
Wayne, NJ 07470

SPI Floors LLC
7575 Washington Boulevard
Elkridge, MD 21075

Garden State Supplies LLC
70 Demarest Drive
Wayne, NJ 07470

WFA, LLC
70 Demarest Drive
Wayne, NJ 07470

Code Hennessy & Simmons LLC
10 South Wacker Drive
Suite 3175
Chicago, IL 60606


Dated:  November 27, 2007                    By: _____
                                                  Charles A. Ercole

DEL1 67325-2