# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JODI RILEY and ARLENE CZOP, individually and as class representatives for all similarly situated non-bargaining unit former employees of Defendants, and <br><br> INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 311 on behalf of its former bargaining unit employees of Defendants, <br><br> Plaintiffs. <br><br> vs. <br><br> HOBOKEN WOOD FLOORING LLC; HWF HOLDINGS LLC; SPI FLOORS LLC; GARDEN STATE SUPPLIES LLC; WFA, LLC; and CODE HENNESSY & SIMMONS LLC <br><br> Defendants. | Case No. 2:07-cv-05666-JAG-MCA <br><br> Jury Trial Demanded |

## ORDER

**AND NOW,** upon consideration of the Joint Motion for an Order Approving Settlement of Class Claims; (2) Granting Counsel's Application for Attorney's Fees and Expenses; and (3) Establishing Distribution Procedures in Connection with the Proposed Settlement and upon consideration of any response thereto, and due and adequate Notice having been given under the circumstances, including a Fairness Hearing that was held on April 29, 2009, **IT IS ORDERED AS FOLLOWS:**

PHIL1 838913-1

1. The Motion to Certify the Class; Approve the Form of Notice; and Preliminarily Approve the Proposed Settlement was granted on February 27, 2009;

2. The Settlement - - as detailed in the Settlement Agreement and Motion papers - - is approved as fair, reasonable, adequate, and in the best interest of the Class because the Court finds that:

   a) The case has been vigorously litigated and the complexity, expense and likely duration of the litigation, if it is not settled, would be prohibitive and weighs in favor of approving the settlement;

   b) There has been extensive discovery and depositions allowing all counsel to make an adequate determination of the merits of the case;

   c) There were risks involved in establishing liability because of one or more defenses available to the defendants based on the facts of the case;

   d) There were risks determining the amount of damages because of the different formulas applied by the different circuits within which the employees were employed and defendants faced exposure to a large verdict if plaintiffs successfully overcame the obstacles to liability;

   e) Class Counsel invested significant time and resources into prosecuting the class action, but the risk of maintaining the class action through trial outweighed the potential increased benefits to the class;

   f) The range of reasonableness of the settlement in light of the best possible recovery is favorable because of the limited recoveries often made in WARN Act cases;

   g) The Class Representatives signed the Settlement Agreement; and

   h) The reaction of the overall class has been extremely positive. Only one Class Member, Kristy Valent, opted out of the proposed settlement and no one filed objections;

3. The application for attorney's fees is reasonable because the court finds that:

   a) Class Counsel has extensive experience in WARN Act and class action cases. Moreover, it appears the case was prosecuted expeditiously and in a cost effective manner in light of the vigorous defense put forth by defendants' counsel;

   b) The complexity and duration of the litigation weighs in favor of granting the fee request. The primary employers, defendants Hoboken Wood

    Flooring and SPI, were insolvent and had no unencumbered assets. Class counsel pursued the joint employer theory which is extremely difficult to satisfy both factually and legally;

  c) There was a significant risk of non-payment because of the limited assets and difficult legal theories involved in the case. Class counsel undertook the litigation and those risks;

  d) Class counsel devoted extensive time and effort as reflected by the billing records submitted.

  e) Class Counsel is awarded attorneys' fees of $299,330 which represents 33 ⅓% of the Common Fund of $898,000 that was created for the Class of non-union employees (pursuant to the Settlement Agreement, an additional $152,000 is to be paid to the Union for a total Settlement amount of $1,050,000). Class Counsel is also awarded reimbursement of out-of-pocket costs in the amount of $34,067.98, as supported by the detailed billing records submitted with the fee application and in the addendum to this Order.

4. Plaintiffs, Plaintiffs' counsel and all members of the Class (except for Ms. Valent), either directly, individually, derivatively, representatively or in any other capacity, are permanently barred and enjoined from instigating, commencing, asserting, prosecuting, continuing, or participating in any way in the maintenance of any litigation arising from or reasonably attributable to claims under the WARN Act;

5. Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

BY THE COURT:

Date: May 21, 2009

Madeline Cox Arleo,
United States Magistrate Judge

PHIL1 838913-1